**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KLUTCH SPORTS GROUP, LLC, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| | ) | |
| | ) | **Demand for Jury Trial** |
| ATCPC OF OHIO, LLC D/B/A KLUTCH | ) | |
| CANNABIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Klutch Sports Group, LLC (the "Plaintiff," "Klutch," or "Klutch Sports"), by and through its undersigned attorneys, ArentFox Schiff LLP and Benesch Friedlander Coplan & Aronoff LLP, for its Complaint against Defendant ATCPC of Ohio, LLC d/b/a Klutch Cannabis (the "Defendant" or "ATCPC" or "Klutch Cannabis") alleges as follows:

**PRELIMINARY STATEMENT**

1. Klutch Sports is a well-known, full-service talent and sports agency that has a long-standing public association and connection with the State of Ohio. Long after Klutch Sports was formed in Cleveland in 2012, an Ohio Cannabis company branded itself "Klutch Cannabis" – using a nearly identical logo and colors – in an obvious and willful effort to profit from and divert the brand equity that Klutch Sports has built in the very same marketplace. As a result, Klutch Sports has been forced to bring this action for trademark infringement, unfair competition, counterfeiting, and related claims to halt Klutch Cannabis from intentionally trading on and

1

siphoning the hard-won goodwill of Klutch Sports and its famous and well-known KLUTCH brand name and trademarks.

2. Since its founding by CEO Rich Paul in 2012, Klutch Sports has become one of the most recognizable and influential sports agencies in the world, managing the careers of famous and elite professional athletes and expanding the KLUTCH brand into consumer-facing products through collaborations with famous global brands, as well as content that reaches millions of fans and consumers across the country and in this State and District. As a testament to the strength, value, and substantial marketplace recognition of Klutch Sports's KLUTCH brand, trademarks, and goods and services, in 2021, *Time Magazine* named Klutch Sports one of the world's 100 most influential companies.

3. Klutch Sports owns a family of trademarks comprised of or containing the KLUTCH name, with rights dating back to at least 2012. Klutch Sports's rights include an incontestable federal trademark registration for the mark KLUTCH SPORTS GROUP (the "KLUTCH SPORTS GROUP Mark") and a federal trademark registration for mark KLUTCH (the

"KLUTCH Mark"), in addition to rights in the logo  (the "KLUTCH SPORTS Logo"), the logo (the "KLUTCH SPORTS Stacked Logo"), the mark KLUTCH SPORTS (the "KLUTCH SPORTS Mark"), the mark KLUTCH ATHLETICS (the "KLUTCH ATHLETICS Mark"), (the "KLUTCH ATHLETICS Logo"), (the "KLUTCH Logo"), and the mark BE KLUTCH (the "BE KLUTCH Mark"), among others (together, the "Asserted KLUTCH Marks").

2

4.      Since its founding in 2012, Klutch Sports has invested significant money into the advertising and promotion of its celebrated and award-winning goods and services, which include talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear (collectively, "Klutch Sports's Goods and Services"). All of Klutch Sports's Goods and Services are branded and offered under or in connection with one or more of the Asserted KLUTCH Marks.

5.      In 2019, Klutch entered into a partnership with United Talent Agency, LLC, a large global talent agency representing some of the world's leading actors, directors, musicians, comedians and other talent. As part of that partnership, Klutch immediately expanded its footprint to major cities like Los Angeles, New York, Atlanta, Nashville and London.

6.      Although Klutch Sports operates nationally and has an international presence, the company and its CEO/founder, Rich Paul, are deeply rooted in Ohio, both in history and in practice. Among other things, Klutch Sports was formed in Rich Paul's hometown of Cleveland in 2012, and it continues to maintain a strong presence in the State. Notably, one of Klutch Sports's first clients, basketball player and global celebrity LeBron James, is also from and deeply connected to Ohio—he was born and raised in Akron and played basketball in the NBA for the Cleveland Cavaliers from 2003 to 2010, and again from 2014 to 2018, where he led the team to an NBA championship in 2016.

7.      Klutch Cannabis has in bad faith adopted, used, and built a business around the KLUTCH name, all so that it could confuse customers into believing that Klutch Sports is somehow affiliated with its brand.

8.     Making matters worse, Klutch Cannabis is using the KLUTCH name with the same black-and-gold color motif and virtually identical font as Klutch Sports to the same or related consumers.

9.     Confusion is further amplified by the fact that Klutch Cannabis is operating in Ohio, the very same geographic region where Klutch Sports's brand was born, still operates, and is uniquely resonant.

10.     Examples of Klutch Cannabis's infringing branding and products are shown below.



| Klutch Sports | Klutch Cannabis |
|---|---|



11. Not only is Klutch Cannabis causing a likelihood of confusion and deception of the public as to the source, sponsorship, association, affiliation, approval, or connection to or of its business, goods, and services with Klutch Sports, but unsurprisingly actual confusion has already occurred. Indeed, Klutch Sports is aware of numerous examples of consumers and members of the public, both general consumers, as well as members of the sports and entertainment industry, who have been confused into wrongly believing that Klutch Cannabis and its goods and services originate from, are made by, authorized by, sponsored by, approved by, connected to, affiliated with, or associated with Klutch Sports.

12. Without judicial intervention, Klutch Cannabis's unlawful and deceptive conduct will continue in full force, damaging and irreparably harming Klutch Sports and the Asserted KLUTCH Marks and the goodwill they embody, and deceiving and confusing consumers as to origin, source, sponsorship, connection, association, or affiliation of Klutch Cannabis's goods and services. Klutch Sports therefore requests that the Court permanently stop Klutch Cannabis from infringing, unfairly competing with, or otherwise harming the Asserted KLUTCH Marks, and grant Klutch Sports monetary damages and injunctive relief for the irreparable harm that it has caused to date and its unlawful attempts to free-ride on Klutch Sports's brand name, identity, and legacy.

**PARTIES**

13. Plaintiff Klutch Sports Group, LLC is a Delaware limited liability company with its principal place of business at 9336 Civic Center Drive, Beverly Hills, CA 90210. Plaintiff also operates in Ohio and this District.

14. On information and belief, Defendant, ATCPC of Ohio, LLC, is an Ohio limited liability company with its principal place of business at 1 Thomarios Way, Copley, OH 44321.

**JURISDICTION AND VENUE**

15.     This action arises under the trademark, unfair competition, and counterfeiting laws of the United States, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law unfair competition and trademark laws of the state of Ohio. This Court has subject-matter jurisdiction at least under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

16.     The Court has personal jurisdiction over the parties in this action because, among other things: Defendant has committed, and continues to commit, acts of infringement and unfair competition in this District, including by using the Infringing KLUTCH Marks (as defined below) and advertising, marketing, rendering, offering for sale, and selling the Infringing Goods and Services (as defined below) using colorable imitations, confusingly similar versions, or counterfeit copies of the Asserted KLUTCH Marks in this District and directly to consumers in Ohio and this District; Defendant is registered as a limited liability company in Ohio, transacts business in Ohio, and has conducted, and continues to conduct, business and commit tortious activity in this District, including by using the Infringing KLUTCH Marks and directing, marketing, rendering, and selling the Infringing Goods and Services in this District; and/or Defendant has engaged in continuous and systematic activities in this District.

17.     Venue is proper under 28 U.S.C. § 1391(b)-(d) because a substantial part of the events or omissions giving rise to Klutch Sports's claims occurred in this District, the harm to Klutch Sports is suffered here, and/or because Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

***Klutch Sports and its Rights in the Valuable and Well-Known Asserted KLUTCH Marks***

18.     Klutch Sports is a full-service talent and sports agency that represents some of the world's biggest athletes in major professional sports and also serves as a strategic advisor and agency of record for the sale of partnerships for brands, teams and other high-profile sports properties.

19.     Founded in Cleveland in 2012 by Ohio native and sports agent Rich Paul, Klutch Sports has grown into a global athlete powerhouse with deep Ohio roots and significant goodwill in this State, across the country, and abroad. In connection with its advisory and business services, Klutch Sports helps players, coaches, sports executives, and brands capitalize on opportunities across the rapidly changing entertainment, media, and business landscape. Klutch Sports's operations also extend to popular consumer products, such as sportswear and apparel, including through Klutch Athletics, which is an athlete-first sports brand founded by Rich Paul and co-authored by New Balance®.

20.     Klutch Sports's success and brand equity are evidenced by the numerous awards and industry recognition that it has received since its founding. For example, in 2021, Klutch Sports was named by *Time* to its list of 100 most influential companies due to the company's profound impact in the sports business world. In 2024, *GQ* named Klutch Sports to its list of the 20 most creative companies in the world. And in 2025, *Forbes* listed Klutch Sports as the fifth most valuable sports agency with $351 million in maximum commissions.

21.     Klutch Sports's founder, Rich Paul, has also been recognized for his founding and leadership of Klutch Sports. In 2019, *GQ* named Rich Paul "PowerBroker of the Year", and that same year, he was featured on the cover of *Sports Illustrated*—an image of which is below—in

connection with an article entitled "The King Maker." The premier entertainment and media publication *Variety* also named Rich Paul on its Variety500 list in 2020, 2021, 2022, and 2023, recognizing him as one of the most influential leaders in the global media industry. In 2024, Rich Paul, Klutch Sports Group, and the KLUTCH Mark were prominently featured on the cover of *Boardroom* magazine, an image of which is below. That same year, *Sports Business Journal* recognized Rich Paul on its "Most Influential" list, and in 2025, it honored him again on its "Top 125" list, as one of the most influential sports business figures in history. In 2023, Rich Paul's memoir, *Lucky Me*, became a *New York Times* bestseller and featured a nationwide book tour that included a stop in Cleveland, where he hosted an event with Cleveland Mayor Justin Bibb.

 

22.     One of Klutch Sports's most well-known clients is global sports icon and NBA all-time scoring leader LeBron James, an Ohio native, who was born and raised in Akron. As a staple of the Ohio community, LeBron James's activism, business ventures, and media footprint make

him one of the most influential athletes of the modern era and one of the most famous living celebrities born in Ohio. LeBron James has been represented by Klutch Sports since the company's formation in 2012, and as a result, consumers and the general public in Ohio and beyond have also come to associate Klutch Sports and the Asserted KLUTCH Marks with LeBron James.

23.     As a result of Klutch Sports's work with some of the biggest athletes and brands in the world, including through mainstream business and sports coverage and its work with high-visibility clients, the KLUTCH brand and the Asserted KLUTCH Marks have become well-known, famous, and instantly recognizable to the general public, in addition to professional athletes, sports celebrities, sports industry professions, consumer products and services brands, and sports fans.

24.     In line with its popularity, Klutch Sports quickly expanded beyond talent management services to also promote, market, advertise, offer for sale, and sell an array of consumer products under its Asserted KLUTCH Marks to the general public, including clothing, headwear, and footwear.

25.     For example, at least as early as 2020, Klutch Sports began offering a signature line of apparel under the Asserted KLUTCH Marks. The Rich Paul for New Balance Collection, which featured footwear and apparel, was first released in 2020 and sold through <www.newbalance.com> and <www.KLUTCHShop.com>. Beginning in 2023 and continuing to the present, Klutch Sports has also collaborated with New Balance on multiple sportswear and apparel collections for men, women, and kids, which are marketed and sold nationwide through leading brick-and-mortar and e-commerce channels, including, New Balance stores and the website <https://www.newbalance.com/klutch-athletics/>, Klutch Sports's e-commerce website <https://klutch.com/>, Foot Locker, Dick's Sporting Goods, JD Sports, DTLR, Snipes, Lids, and

Shoe Palace. Examples of advertising and promotional materials for Klutch Sports's sportswear and apparel are attached hereto as **Exhibit 1.**

26.     Klutch Sports is the owner of the right, title, and interest, in and to, *inter alia*, the following trademarks registered on the Principal Register of the USPTO (collectively, the "Registered KLUTCH Marks").

| Trademark | App. No. | App. Date | Reg. No. | Reg. Date | Classes and Goods and Services | Claimed Date of First Use |
|---|---|---|---|---|---|---|
| KLUTCH SPORTS GROUP | 87097707 | July 8, 2016 | 5399022 | Feb. 13, 2018 | 35: Management of professional athletes | At least as early as Sep. 11, 2012 |
| KLUTCH | 88981133 | May 7, 2020 | 6343533 | May 4, 2021 | 25: Hats, t-shirts, hoodies, pants, shirts, jackets, sweatpants, track pants, shorts | At least as early as Sep. 25, 2020 |

27.     The Registered KLUTCH Marks are valid, subsisting, unrevoked, uncancelled, and in full force and effect. True and correct copies of Klutch Sports's U.S. Registration Certificates and the USPTO title and status for the Registered KLUTCH Marks are attached hereto as **Exhibit 2.**

28.     Pursuant to 15 U.S.C. § 1065, the U.S Registration No. 5,399,022 for KLUTCH SPORTS GROUP is incontestable and constitutes *prima facie* evidence of its validity and Klutch Sports's ownership of and exclusive right to use the mark.

29.     Klutch Sports also owns longstanding unregistered rights in and to the Asserted KLUTCH Marks, including the Registered KLUTCH Marks, for use in connection with a wide array of goods and services, including talent management services, media and entertainment

11

services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

30.     One of Klutch Sports's iconic unregistered marks is the KLUTCH SPORTS Logo, , which is comprised of an icon of a globe paired with the words KLUTCH in a distinctive block letter font. The KLUTCH SPORTS Logo is often depicted in black and gold coloring, which is a branding motif that has been associated with Klutch Sports since its founding in 2012.

31.     Since at least as early as its founding in 2012, Klutch Sports has used one or more of the Asserted KLUTCH Marks consistently and continuously in U.S. commerce in connection with the advertising, marketing, promotion, rendering, offer for sale, and sale of Klutch Sports's Goods and Services. Examples of advertising using, and products bearing, the Asserted KLUTCH Marks are displayed below and attached as **Exhibit 1.**



Menu
**KLUTCH** ATHLETICS
Account    Bag (0)



# BE KLUTCH

We believe the best can come from anywhere.





14







32.     Klutch Sports also owns pending U.S. federal trademark applications for the KLUTCH Mark, KLUTCH Logo, and the KLUTCH ATHLETICS Mark, as shown in the table below. The USPTO titles and statuses for these applications are attached hereto as **Exhibit 3**.

| Trademark | App. No. | App. Date | Classes and Goods and Services |
|---|---|---|---|
| KLUTCH | 98481935 | April 3, 2024 | 25: Footwear |
| klutch | 98481932 | April 3, 2024 | 25: Clothing, namely, tops as clothing, bottoms as clothing, headwear, undergarments, sleepwear, swimwear, hosiery, socks, ties as clothing, scarfs, sweaters, sweatshirts, vests, dresses, jumpsuits, leg warmers, arm warmers, ear warmers, headbands, outerwear, namely, coats, jackets, and gloves; and footwear |
| KLUTCH ATHLETICS | 97571105 | Aug. 30, 2022 | 41: Health club services, namely, providing instruction and equipment in the field of physical exercise; physical fitness studio services, namely, providing group exercise instruction, equipment and facilities; physical fitness training services for personal use via non-downloadable streaming videos; educational services, namely, live seminars, classes, and programs in the field of physical fitness training and exercise; conducting fitness classes; instruction in physical fitness; personal trainer services, in the nature of fitness training; physical fitness instruction; physical fitness training services; providing online non-downloadable visual and audio recordings featuring entertainment content, information, instruction in the fields of health, fitness, nutrition, wellness, personal care, and lifestyle, including recordings provided via blogs and software applications; dietary education services, namely, providing education courses, namely, seminars, workshops in the fields of health and diet, and the health benefits of particular pre-prepared recipes and meal plans; publication of online articles and diaries in the nature of blogs, the foregoing in the fields of health, fitness, nutrition, wellness, personal care and lifestyle; publishing of information relating to publishing of digital video, audio, and multimedia publications on a wide range of topics related to health, fitness, nutrition, wellness, personal care, and lifestyle, including publications in the nature of articles, the foregoing including content provided online, via software |

16

| | | | |
|---|---|---|---|
| | | | applications, and via blogs; providing information, including providing online information, about the field of education, physical fitness training, entertainment, and information about organizing community sporting and cultural activities; providing information, including providing online information, about physical fitness culture; providing online non-downloadable videos featuring entertainment content, information, instruction, news, recipes in the fields of health, nutrition, wellness, personal care, fitness and lifestyle; providing online non-downloadable electronic publications in the nature of books and magazines in the field of health, fitness, nutrition, wellness, personal care, and lifestyle; providing a website featuring information, blogs, and non-downloadable publications in the nature of articles, interviews, and programming in the fields of exercise, physical fitness, health, and wellness |
| KLUTCH ATHLETICS | 97418928 | May 19, 2022 | 25: clothing, namely clothing jackets, athletic gloves, paper hats for use as clothing items, base layers, jackets incorporating backpacks, baseball caps and hats, uniforms, swimwear, headwear, hats, caps being headwear, footwear, sleepwear, shoes, underwear, padded shirts, padded pants, padded shorts, shirts, clothing as head wraps, clothing jerseys, tops as clothing, t-shirts, shorts, bottoms as clothing, trousers, leg-warmers and arm-warmers as clothing, gloves, scarves, neck tubes, coats, vests, sweaters, sweat shirts, sweat pants, hooded sweat shirts, sweat suits, anti-sweat underclothing and sweat bands |
| KLUTCH ATHLETICS | 97571079 | Aug. 30, 2022 | 25: Socks |
| KLUTCH ATHLETICS | 97571110 | Aug. 30, 2022 | 44: advisory services relating to health, namely, consulting services in the field of health, diet and nutrition; advisory services relating to nutrition, namely, food nutrition consultation; nutritional advisory services, namely, consulting services relating to diet and nutrition; providing a website featuring information about health, wellness, and nutrition |

17

33.     Klutch Sports, directly and/or through its authorized partners and retailers, offers for sale and sells Klutch Sports's Goods and Services under and in connection with the Asserted KLUTCH Marks across a variety of trade channels, including leading national brick-and-mortar and e-commerce retailers such as New Balance, Foot Locker, Dick's Sporting Goods, JD Sports, DTLR, Snipes, Lids, and Shoe Palace to consumers across the country and in this State. In addition, Klutch Sports's Goods and Services are also advertised and sold via the Klutch Athletics official online website, accessible at <https://klutch.com>. Examples of advertising and use of the Asserted KLUTCH Marks in connection with consumer products are attached hereto as **Exhibit 1**.

34.     Klutch has also prominently displayed the Asserted KLUTCH Marks in connection with frequent public-facing community events and multimedia. Examples include Klutch Conversations, an initiative held during the February 2020 NBA All-Star Weekend, designed to promote financial literacy and provide educational resources to the public and local communities. This event was also held in partnership with Chance the Rapper's SocialWorks program and the leading American multinational manufacturer and marketer of branded consumer foods, General Mills. Also starting in 2020, Klutch began promoting and exhibiting its "pro days,"—open workouts for its client NBA Draft prospects— and the 2020 Klutch Sports Pro Day was a nationally televised event on ESPN. Consumers have also been, and continue to be, exposed to Klutch Sports through the company's media and production work, which includes the 2021-released five-part documentary series "KLUTCH Academy" produced in partnership with BET Studios that featured the journeys of Klutch client NBA Draft prospects. KLUTCH Academy prominently features KLUTCH branding, an example of which is below, and has been commercially available to the general consuming public since its release through leading streaming and video-on-demand services.



35.    Klutch Sports also has a significant social media presence and following, through which members of the general public in Ohio and the United States engage with the brand. For example, as of March 2026, Klutch Sports operates Instagram accounts that prominently feature the Asserted KLUTCH Marks, including an account under the KLUTCH SPORTS Mark with over 303,000 followers (<https://www.instagram.com/klutchsports>) and an account under the KLUTCH ATHLETICS Mark with over 22,300 followers (<https://www.instagram.com/klutchathletics>); a Threads account under the KLUTCH SPORTS Mark with over 63,300 followers (<https://www.threads.com/@klutchsports>); and an X, formerly Twitter, account with over 86,400 followers (<https://x.com/KlutchSports>). Rich Paul's individual Instagram account prominently features the Asserted KLUTCH Marks and has over 635,000 followers (<https://www.instagram.com/richpaul/>). True and correct copies of these social media pages are attached as **Exhibit 4.**

19

36.     Starting in 2023, Klutch Sports began releasing national advertisements featuring the Asserted KLUTCH Marks, many of which were filmed in Cleveland, including in the neighborhoods where Rich Paul grew up. The advertisement *The Best Can Come from Anywhere*, <https://www.youtube.com/watch?v=jV9iNxy8r0I>—a narrative-driven campaign focused on community, resilience, and the idea that talent and greatness can emerge from unexpected places— was shot in Cleveland's Glenville neighborhood, where Rich Paul was raised. It won two gold and one silver Clio Awards for Film Craft Copywriting, Film Craft Editing, and a Film of 30-60 seconds, respectively, and, as of March 2026, has over 1.9 million views on YouTube alone.

37.     As a result of Klutch Sports's widespread and extensive use of the Asserted KLUTCH Marks and advertising, marketing, promotion, sales and other commercial transactions, substantial unsolicited press on Klutch Sports's Goods and Services in connection with the Asserted KLUTCH Marks, the Asserted KLUTCH Marks have become well-known, famous, unique, distinctive indicators of Klutch Sports's Goods and Services and are widely recognized by consumers as distinctive symbols of Klutch Sports and its goodwill. The Asserted KLUTCH Marks are therefore extremely valuable assets of Klutch Sports.

38.     Since at least as early as the first use dates indicated herein, and prior to any first use dates by Klutch Cannabis, Klutch Sports has continuously used in commerce, and intends to continue to use, preserve, and maintain, the Asserted KLUTCH Marks, in interstate U.S. commerce in connection with the promotion, marketing, advertising, offering for sale, distribution, and sales of Klutch Sports's Goods and Services. Since its first use and formation, Klutch Sports has also invested millions of dollars into its KLUTCH brand, including the Asserted KLUTCH Marks, resulting in widespread recognition among consumers in Ohio and across the country.

*Klutch Cannabis's Infringing and Unlawful Conduct*

39.     On information and belief, Klutch Cannabis is an Ohio-based cannabis brand and retailer.

40.     Despite Klutch Sports's longstanding uses of and immense goodwill in the KLUTCH brand and Asserted KLUTCH Marks, and long after Klutch Sports was founded, Klutch Cannabis adopted and began using an identical KLUTCH mark as a brand name for its goods and services. Klutch Cannabis's use includes the names KLUTCH, KLUTCH CANNABIS, CITIZEN BY KLUTCH, HABITAT BY KLUTCH, and the logo (the "Infringing KLUTCH Logo", together with the foregoing, the "Infringing KLUTCH Marks") both in brick-and-mortar retail operations and online.

41.     Klutch Cannabis uses the Infringing KLUTCH Marks for a variety of goods and services, including on or in connection with websites, online retail stores, brick-and-mortar stores, social media account names, products and accessories, including apparel such as T-shirts, long-sleeved shirts, sweatshirts, and hats, and cannabis and cannabis-related accessories (the "Infringing Goods and Services").

42.     Klutch Cannabis offers for sale and sells apparel bearing the Infringing KLUTCH Marks specifically to advertise Klutch Cannabis and its goods, services, and brand. Klutch Cannabis is also using the Infringing KLUTCH Marks on products, product packaging, and garment labels, in addition to the KLUTCH Mark as a handle and account name on Instagram. Examples of Klutch Cannabis's use of the Infringing KLUTCH Marks are shown in the attached **Exhibit 5**.

21













43.     Klutch Cannabis promotes, markets, advertises, renders, offers for sale, and sells its Infringing Goods and Services online, including on its e-commerce website <https://www.klutchcannabis.com/shop/accessories/>, and in its five brick-and-mortar dispensaries located throughout Ohio, including, as of August 2025, in Cleveland, where Klutch Sports was founded.

44.     Klutch Cannabis's Infringing KLUTCH Logo uses an identical black-and-gold color scheme and a virtually identical font as Klutch Sports's KLUTCH SPORTS Logo. A side-by-side comparison of Klutch Sports's KLUTCH Logo and Klutch Cannabis's Infringing KLUTCH SPORTS Logo is below.

| Plaintiff's KLUTCH SPORTS Logo | Defendant's Infringing KLUTCH Logo |
|---|---|
| | |

45.     Klutch Cannabis began using its Infringing KLUTCH Marks after Klutch Sports began using one or more of its Asserted KLUTCH Marks. As a result, Klutch Sports has priority over Klutch Cannabis through one or more of the following facts: (1) by virtue of Klutch Sports's earlier first use in commerce date for one or more of the Asserted KLUTCH Marks; or (2) by virtue of Klutch Sports's constructive first use dates over Klutch Cannabis pursuant to 15 U.S.C. § 1057(c).

46.     On information and belief, Klutch Cannabis began offering its Infringing Goods and Services willfully and in a conscious effort to trade on the substantial goodwill represented by the Asserted KLUTCH Marks.

24

47.     On information and belief, Klutch Cannabis's willfulness is demonstrated by one or more of the following facts: Klutch Cannabis adopted one or more of the Infringing KLUTCH Marks with (1) knowledge of Klutch Sports or one or more of Klutch Sports's Asserted KLUTCH Marks, (2) an intent to call to mind or confuse consumers into believing there was a connection or affiliation between it and Klutch Sports.

48.     Confusion is further likely because Klutch Cannabis's Infringing Goods and Services and Klutch Sports's Goods and Services are, or are likely to be, marketed, advertised, offered for sale, and sold to the same, similar, or related prospective consumers and through the same, similar, or related channels of trade. Consumers browsing the internet or social media are also likely to be exposed to Klutch Sports and Klutch Cannabis websites or social media accounts simultaneously or in close proximity or succession.

49.     In addition, professional athletes and sports celebrities routinely invest in, own, and publicly endorse cannabis brands. Examples include NBA stars, such as Al Harrington's Viola Brands, Kevin Durant's investment into and partnership with Weedmaps, and John Salley's partnership with GreenSpace Labs, as well as former NFL players, such as Rob Gronkowski's work as a spokesperson for CBDMEDIC, and Primitiv Group, which was founded by Calvin Johnson Jr. and Rob Sims. As a result, consumers are accustomed to seeing a connection with sports, professional athletes, and their agents, and cannabis companies. This market trend and overlap is likely to increase the risk of consumer confusion raised by Klutch Cannabis's use of the Infringing KLUTCH Marks.

50.     Klutch Cannabis's use of the name "Klutch" is intentional and has caused actual confusion in the marketplace, including among consumers who mistakenly believe that Klutch Cannabis's business is affiliated with Klutch Sports's KLUTCH brand.

25

51.     For example, at least one individual expressed confusion online about the affiliation between Klutch Sports and Klutch Cannabis, commenting on a news article announcing the opening of one of Klutch Cannabis's dispensaries, "Is there any connection between Klutch Cannabis and Klutch Sports Group?"





52.     Further evidencing actual confusion, during a 2025 visit by Klutch Sports's founder Rich Paul to Klutch Cannabis's dispensary in Cleveland, an individual in the store recognized Rich Paul, likely due to his high profile, not only in the city and state, but nationally, and informed Rich Paul that he was planning to buy Klutch Cannabis's sweatshirt, sold under and in connection with Klutch Cannabis's Infringing KLUTCH Marks, erroneously thinking Klutch Cannabis and its

products was, or originated from, Klutch Sports or was offered by, sponsored by, connected to, associated with, or otherwise affiliated with Klutch Sports and its KLUTCH brand.

53. Multiple individuals have contacted Klutch Sports employees and executives under the mistaken belief that Klutch Sports owns or operates Klutch Cannabis.

54. On information and belief, at least one of Klutch Cannabis's agents or employees informed at least one person that there was a connection between Klutch Cannabis and Klutch Sports.

55. On or around August 7, 2025, counsel for Klutch Sports sent a cease-and-desist letter to Klutch Cannabis, objecting to Klutch Cannabis's infringement of Klutch Sports's intellectual property rights and Klutch Cannabis's use of the Infringing KLUTCH Marks (the "August 2025 Cease and Desist Letter"). In the August 2025 Cease and Desist Letter, Klutch Sports demanded that Klutch Cannabis cease use of the Infringing KLUTCH Marks and rebrand to a name and color motif that does not infringe on Klutch Sports's intellectual property rights. Throughout 2025 and into January 2026, Klutch Sports reiterated its cease-and-desist demands to Klutch Cannabis, who was represented by three different law firms in connection with this matter in rapid succession. Notwithstanding Klutch Sports's cease and desist demands, Klutch Cannabis continues to promote, advertise, market, offer for sale, and sell the Infringing Goods and Services under the Infringing KLUTCH Marks.

56. Klutch Sports has been harmed by Klutch Cannabis, including because Klutch Cannabis's infringing conduct has diminished the value of the Asserted KLUTCH Marks, has confused consumers, and has caused irreparable damage to Klutch Sports's goodwill.

57.     Klutch Cannabis's acts complained of herein have caused damage to Klutch Sports in an amount to be determined at trial, and such damages will continue to increase unless Klutch Cannabis is preliminarily and permanently enjoined from its wrongful acts.

58.     Klutch Cannabis's acts complained of herein have caused Klutch Sports to suffer irreparable injury to its business. Klutch Sports will suffer substantial loss of goodwill and reputation unless and until Klutch Cannabis is permanently enjoined from the wrongful acts complained of herein.

## COUNT I
### Federal Trademark Infringement in Violation of 15 U.S.C. § 1114

59.     Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

60.     Klutch Sports owns all right, title, and interest in and to the Registered KLUTCH Marks.

61.     Compared to Klutch Cannabis, Klutch Sports owns prior registered rights in the Registered KLUTCH Marks in connection with an array of goods and services, including athletic management services and apparel, including hats, t-shirts, hoodies, pants, shirts, jackets, sweatpants, track pants, and shorts, as detailed above.

62.     Klutch Sports's federal registrations for the Registered KLUTCH Marks are valid, subsisting, and provide conclusive evidence of Klutch Sports's exclusive rights to use the Registered KLUTCH Marks in commerce. Klutch Sports's federal trademark Registration No. 5,399,022 for KLUTCH SPORTS GROUP is incontestable.

63.     Klutch Cannabis's use of the Infringing KLUTCH Marks, or marks that are confusingly similar to the Registered KLUTCH Marks, is likely to cause, and has actually caused, confusion, mistake, and deception among consumers with respect to the source, origin,

sponsorship, or affiliation of Klutch Cannabis's goods and services because Klutch Cannabis's Infringing KLUTCH Marks and Klutch Sports's Registered KLUTCH Marks are identical or otherwise confusingly similar and used in similar manners and in connection with identical, similar, and/or related goods and services that are marketed, advertised, and promoted to identical, similar, and/or related target consumers.

64.     On information and belief, Klutch Cannabis deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing KLUTCH Marks would cause confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services as incorrectly related to Klutch Sports and the Registered KLUTCH Marks.

65.     Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in the Registered KLUTCH Marks, all of which will continue unchecked unless enjoined by this Court.

66.     Klutch Cannabis's use of the Infringing KLUTCH Marks in connection with Klutch Cannabis's goods and services constitutes trademark infringement of the Registered KLUTCH Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.     Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

68.     Klutch Sports is further entitled to any and all remedies available under 15 U.S.C. § 1117, including monetary damages in the form of Klutch Cannabis's profits, treble damages, damages sustained by Klutch Sports proven to have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment interest, and any other

29

remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement.

**COUNT II**
**Trademark Infringement and False Designation of Origin in Violation of 15 U.S.C. § 1125**

69. Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

70. Klutch Sports owns all right, title, and interest in and to Asserted KLUTCH Marks.

71. Compared to Klutch Cannabis, Klutch Sports owns prior registered and unregistered rights in the Asserted KLUTCH Marks in connection with a broad range of goods and services, including apparel.

72. Klutch Sports has used in commerce and continues to use in commerce the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

73. The Asserted KLUTCH Marks are valid, distinctive, inherently distinctive, have acquired additional secondary meaning as source indicators for Klutch Sports and Klutch Sports's Goods and Services, and are protectable.

74. Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services because Klutch Cannabis's Infringing KLUTCH Marks and Klutch Sports's Asserted KLUTCH Marks are identical or otherwise confusingly similar and used in similar manners and in connection with identical, similar, and/or related goods and services that are marketed, advertised, and promoted to identical, similar, and/or related target consumers.

30

75. On information and belief, Klutch Cannabis deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing KLUTCH Marks would cause confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services as incorrectly related to Klutch Sports and the Asserted KLUTCH Marks.

76. Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in the Asserted KLUTCH Marks, all of which will continue unchecked unless enjoined by this Court.

77. Klutch Cannabis's use of the Infringing KLUTCH Marks in connection with Klutch Cannabis's goods and services constitutes trademark infringement of the Asserted KLUTCH Marks in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

78. Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

79. Klutch Sports is further entitled to any and all remedies available under 15 U.S.C. § 1117, including monetary damages in the form of Klutch Cannabis's profits, treble damages, damages sustained by Klutch Sports proven to have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment interest, and any other remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement.

## COUNT III
### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

80. Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

81.     Klutch Sports owns all right, title, and interest in and to the Asserted KLUTCH Marks.

82.     Compared to Klutch Cannabis, Klutch Sports owns prior rights in the Registered KLUTCH Marks in connection with an array of goods and services, including athletic management services and apparel, including hats, t-shirts, hoodies, pants, shirts, jackets, sweatpants, track pants, and shorts, as detailed above.

83.     Klutch Sports's federal registrations for the Registered KLUTCH Marks are valid, subsisting, and provide conclusive evidence of Klutch Sports's exclusive rights to use the Registered KLUTCH Marks in commerce. Klutch Sports's federal trademark Registration No. 5,399,022 for KLUTCH SPORTS GROUP is incontestable.

84.     Compared to Klutch Cannabis, Klutch Sports owns prior unregistered rights in the Asserted KLUTCH Marks in connection with a broad range of goods and services, including apparel.

85.     Klutch Sports has used in commerce and continues to use in commerce the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

86.     The Asserted KLUTCH Marks are valid, distinctive, inherently distinctive, have acquired additional secondary meaning as source indicators for Klutch Sports and Klutch Sports's Goods and Services, and are protectable.

87.     Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services because Klutch

Cannabis's Infringing KLUTCH Marks and Klutch Sports's Asserted KLUTCH Marks are identical or otherwise confusingly similar and used in similar manners and in connection with identical or similar and related goods and services that are marketed, advertised, and promoted to identical, similar, and/or related target consumers.

88. On information and belief, Klutch Cannabis deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing KLUTCH Marks would cause confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services as incorrectly related to Klutch Sports and the Asserted KLUTCH Marks.

89. Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in the Asserted KLUTCH Marks, all of which will continue unchecked unless enjoined by this Court.

90. Klutch Cannabis's use of the Infringing KLUTCH Marks in connection with Klutch Cannabis's goods and services constitutes trademark infringement of the Asserted KLUTCH Marks in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

91. Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

92. Klutch Sports is further entitled to any and all remedies available under 15 U.S.C. § 1117, including monetary damages in the form of Klutch Cannabis's profits, treble damages, damages sustained by Klutch Sports proven to have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment interest, and any other

33

remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement.

## COUNT IV
## Trademark Counterfeiting in Violation of 15 U.S.C. § 1114

93. Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

94. Klutch Sports owns all right, title, and interest in and to U.S. Reg. No. 6,343,533 for the KLUTCH Mark.

95. Compared to Klutch Cannabis, Klutch Sports owns prior rights in U.S. Reg. No. 6,343,533 for the KLUTCH Mark in connection with hats, t-shirts, hoodies, pants, shirts, jackets, sweatpants, track pants, shorts, as detailed above.

96. Klutch Sports has not authorized Klutch Cannabis to use the KLUTCH Mark or other designations that are identical to, counterfeit of, or colorable imitations of the KLUTCH Mark.

97. Klutch Cannabis's Infringing KLUTCH Marks are identical to, counterfeit of, or colorable imitations of Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533.

98. Klutch Cannabis's unauthorized use of the Infringing KLUTCH Marks in connection with apparel and headwear constitutes use of Klutch Sports's KLUTCH Mark in commerce.

99. Upon information and belief, Klutch Cannabis intentionally, knowingly, and willfully adopted and began using its Infringing KLUTCH Marks with knowledge of Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533.

100. Klutch Cannabis's use in commerce of the Infringing KLUTCH Marks on apparel and headwear, including hats, shirts, and sweatshirts, is likely to cause, and has actually caused,

confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's apparel because Klutch Cannabis's Infringing KLUTCH Marks are identical to, counterfeits of, colorable imitations of Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533.

101.    On information and belief, Klutch Cannabis deliberately, knowingly, and willfully engaged in the infringing and counterfeiting conduct described herein, or otherwise should have known that its use of the Infringing KLUTCH Marks was likely to cause confusion, mistake, and deception among consumers as to the source, origin, sponsorship, affiliation, or approval of Klutch Cannabis's apparel in relation to Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533.

102.    Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533, all of which will continue unchecked unless enjoined by this Court.

103.    Klutch Cannabis's use of the Infringing KLUTCH Marks in connection with Klutch Cannabis's goods constitutes trademark counterfeiting of Klutch Sports's KLUTCH Mark as registered in U.S. Reg. No. 6,343,533 in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), (b).

104.    Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

105.    Klutch Sports is further entitled to any and all remedies available under 15 U.S.C. § 1117, including statutory damages or monetary damages in the form of Klutch Cannabis's profits, treble damages, damages sustained by Klutch Sports proven to have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment

35

interest, and any other remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful counterfeiting.

**COUNT V**
**Trademark Infringement and Unfair Competition in Violation of Ohio Common Law**

106. Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

107. Klutch Sports owns all right, title, and interest in and to the Asserted KLUTCH Marks.

108. Compared to Klutch Cannabis, Klutch Sports owns prior rights in the Registered KLUTCH Marks in connection with, *inter alia*, athletic management services and apparel, as detailed above.

109. Klutch Sports's federal registrations for the Registered KLUTCH Marks are valid, subsisting, and provide conclusive evidence of Klutch Sports's exclusive rights to use the Registered KLUTCH Marks in commerce. Klutch Sports's federal trademark Registration No. 5,399,022 for KLUTCH SPORTS GROUP is incontestable.

110. Compared to Klutch Cannabis, Klutch Sports owns prior unregistered rights in the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

111. Klutch Sports has used in commerce and continues to use in commerce the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

112.    The Asserted KLUTCH Marks are valid, distinctive, inherently distinctive, have acquired additional secondary meaning as source indicators for Klutch Sports and Klutch Sports's Goods and Services, and are protectable.

113.    Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services because Klutch Cannabis's Infringing KLUTCH Marks and Klutch Sports's Asserted KLUTCH Marks are identical or otherwise confusingly similar and used in similar manners and in connection with identical or similar and related goods and services that are marketed, advertised, and promoted to identical, similar, and/or related target consumers.

114.    On information and belief, Klutch Cannabis deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing KLUTCH Marks would cause confusion, mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services as incorrectly related to Klutch Sports and the Asserted KLUTCH Marks.

115.    Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in the Asserted KLUTCH Marks, all of which will continue unchecked unless enjoined by this Court.

116.    Klutch Cannabis's use of the Infringing KLUTCH Marks in connection with Klutch Cannabis's goods and services constitutes trademark infringement of the Asserted KLUTCH Marks in violation of Ohio common law.

117.    Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

118.    Klutch Sports is further entitled to any and all remedies available under Ohio Common Law, including monetary damages in the form of Klutch Cannabis's profits, damages sustained by Klutch Sports proven to have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment interest, and any other remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement and punitive damages for intentional, egregious, or malicious actions or for otherwise showing a conscious disregard of Klutch Sports's rights.

## COUNT VI
## Violation of the Ohio Deceptive Trade Practices Act Under O.R.C. § 4165 et seq.

119.    Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

120.    Klutch Cannabis is a supplier and seller of cannabis, cannabis-related products, and general consumer products including apparel, such as shirts, sweatshirts, and headwear, in the course of its business, in which it also offers online retail store services.

121.    Klutch Sports owns all right, title, and interest in and to the Asserted KLUTCH Marks.

122.    Compared to Klutch Cannabis, Klutch Sports owns prior registered rights in the Registered KLUTCH Marks in connection with an array of goods and services, including athletic management services and apparel, including hats, t-shirts, hoodies, pants, shirts, jackets, sweatpants, track pants, and shorts, as detailed above.

123.    Klutch Sports's federal registrations for the Registered KLUTCH Marks are valid, subsisting, and provide conclusive evidence of Klutch Sports's exclusive rights to use the

38

Registered KLUTCH Marks in commerce. Klutch Sports's federal trademark Registration No. 5,399,022 for KLUTCH SPORTS GROUP is incontestable.

124.    Compared to Klutch Cannabis, Klutch Sports owns prior unregistered rights in the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

125.    Klutch Sports has used in commerce and continues to use in commerce the Asserted KLUTCH Marks in connection with a broad range of goods and services, including talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear.

126.    The Asserted KLUTCH Marks are valid, distinctive, inherently distinctive, have acquired additional secondary meaning as source indicators for Klutch Sports and Klutch Sports's Goods and Services, and are protectable.

127.    Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion or mistake, and deception among consumers with respect to the source, origin, sponsorship, or affiliation of Klutch Cannabis's goods and services because Klutch Cannabis's Infringing KLUTCH Marks and Klutch Sports's Asserted KLUTCH Marks are identical or otherwise confusingly similar and used in similar manners and in connection with identical or similar and related goods and services that are marketed, advertised, and promoted to identical,  similar, or related target consumers.

128.    Klutch Cannabis has attempted to pass off its goods and services as those of Klutch Sports.

39

129.	Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods and services.

130.	Klutch Cannabis's use of the Infringing KLUTCH Marks is likely to cause, and has actually caused, confusion or misunderstanding as to affiliation, connection, or association with, or certification by Klutch Sports.

131.	Klutch Cannabis has falsely represented that its goods and services have the sponsorship or approval of Klutch Sports.

132.	Klutch Cannabis's actions have directly and proximately caused, and will continue to cause, consumer confusion, actual damages, and irreparable harm and injury to Klutch Sports, its reputation, and its goodwill in the Asserted KLUTCH Marks, all of which will continue unchecked unless enjoined by this Court.

133.	Klutch Sports is entitled to injunctive relief resulting from the deceptive trade practices of Klutch Cannabis and pursuant to O.R.C. § 4165.03(A)(1).

134.	Klutch Sports is entitled to actual damages resulting from the deceptive trade practices of Klutch Cannabis and pursuant to O.R.C. § 4165.03(A)(2).

135.	Klutch Sports is entitled to recover attorney's fees pursuant to O.R.C. § 4165.03(B).

136.	Klutch Sports is further entitled to any and all other remedies available under Ohio law, and any other remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement and punitive damages for intentional, egregious, or malicious actions or for otherwise showing a conscious disregard of Klutch Sports's rights.

## COUNT VII
### Trademark Dilution in Violation of Ohio Common Law

137.    Klutch Sports repeats and incorporates by reference each and every foregoing allegation contained above, as though fully set forth herein.

138.    Klutch Sports owns all right, title, and interest in and to the Asserted KLUTCH Marks.

139.    Klutch Sports has extensively and continuously promoted and used the Asserted KLUTCH Marks throughout the United States and in this State, and the Asserted KLUTCH Marks have become distinctive, famous, and well-known symbols of Klutch Sports's goods and services, well before Klutch Cannabis began misappropriating one or more of the Asserted KLUTCH Marks or otherwise marketing, promotion, distributing, rendering, offering for sale, and/or selling the Infringing Goods and Services under or in connection with the Infringing KLUTCH Marks.

140.    Klutch Cannabis's conduct dilutes and is likely to dilute the distinctiveness of the Asserted KLUTCH Marks, including by eroding the public's exclusive identification of these marks with Klutch Sports, and tarnishing and degrading the public's positive associations and prestigious connotations of these marks, and otherwise lessening the capacity of the marks to identify and distinguish Klutch Sports's goods and services.

141.    Klutch Cannabis is causing and will continue to cause irreparable injury to Klutch Sports's goodwill and business reputation and dilution of the distinctiveness and value of Klutch Sports's well-known, strong, famous, and distinctive marks in violation of Ohio common law.

142.    Klutch Sports has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Klutch Cannabis.

143.    Klutch Sports is further entitled to any and all remedies available under Ohio law, including recovery of Klutch Cannabis's profits, damages sustained by Klutch Sports proven to

have been caused by Klutch Cannabis's conduct, Klutch Sports's attorney's fees and costs, pre-judgment and post-judgment interest, and any other remedies that the Court may deem just and proper, including enhanced damages due to Klutch Cannabis's willful infringement and punitive damages for intentional, egregious, or malicious actions or for otherwise showing a conscious disregard of Klutch Sports's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Klutch Sports respectfully requests that this Court enter judgment as follows:

1. A declaration that Klutch Sports has prior rights in the Asserted KLUTCH Marks in connection with a broad range of goods and services, including, all goods and services designated by the Registered KLUTCH Marks, and talent management services, media and entertainment services, sponsorship sales services, brand advisory services, and general consumer merchandise such as apparel, headwear, and footwear, and that Klutch Cannabis's use of the Infringing KLUTCH Marks infringes the Asserted KLUTCH Marks, counterfeits the KLUTCH Mark as registered in U.S. Reg. No. 6,343,533, and constitutes false designation of origin, unfair competition, deceptive trade practices, and dilution under federal, state, and/or common law, as detailed herein;

2. Klutch Cannabis, its officers, agents, employees, representatives, successors, assigns, attorneys, and all persons or entities in active concert or participation with it, be permanently enjoined from:

    a. Using the Infringing KLUTCH Marks in connection with the promotion, advertising, marketing, offer for sale, or sale of the Infringing Goods and Services;

    b. Using any copy, reproduction, or colorable imitation of any of the Asserted KLUTCH Marks in connection with the promotion, advertising, marketing, offer for sale, or sale of the Infringing Goods and Services;

    c. Using any trademark, design, or source designation on or in connection with the promotion, advertising, marketing, offer for sale, or sale of Klutch Cannabis's goods or services that causes or is likely to cause consumers to mistakenly believe that Klutch Cannabis, Klutch Cannabis's goods or services are affiliated with, sponsored by, or otherwise connected to Klutch Sports;

3. Klutch Cannabis be ordered to permanently cease marketing, promoting, advertising, offering for sale, and selling all products sold under or bearing the Infringing KLUTCH Marks or any other confusingly similar imitations of Klutch Sports's Asserted KLUTCH Marks;

4. Klutch Cannabis be ordered to deliver up for environmental destruction or donation all products bearing the Infringing KLUTCH Marks, and things, such as labels, advertisements, promotional materials, or other materials in the possession, custody, or the control of Klutch Cannabis that display or contain the Infringing KLUTCH Marks or are found to copy or infringe Klutch Sports's trademarks or that otherwise unfairly compete with or constitute false designation of origin with regard to Klutch Sports and its products;

43

5. Klutch Cannabis be ordered to take affirmative steps in the United States to remedy false impressions that have been created by Klutch Cannabis's use of the Infringing KLUTCH Marks including, but not limited to, issuing corrective advertising;

6. Klutch Cannabis be compelled to account and disgorge its profits and pay Klutch Sports's damages, further trebled pursuant to 15 U.S.C. § 1117, together with pre- and post-judgment interest;

7. Klutch Sports be awarded statutory damages for Klutch Cannabis's counterfeiting of the KLUTCH Mark as registered in U.S. Reg. No. 6,343,533;

8. Klutch Sports be awarded actual damages and Klutch Cannabis's profits for Klutch Cannabis's willful infringement;

9. Based on Klutch Cannabis's willful and deliberate infringement of Klutch Sports's Asserted KLUTCH Marks and to deter such conduct in the future, Klutch Sports be awarded punitive damages;

10. Klutch Sports be awarded all damages caused by the acts forming the basis of this Complaint, in an amount to be determined;

11. Klutch Sports be awarded its reasonable attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117 and Ohio law;

12. Based on Klutch Cannabis's knowing, intentional, and willful use of copies or confusingly similar imitations of Klutch Sports's Asserted KLUTCH Marks, the damages awarded be trebled and the award of Klutch Cannabis's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

13. Klutch Cannabis be ordered to file, with this Court, and serve upon Klutch Sports, within thirty (30) days after entry of the order of judgment, a report, in writing and

44

under oath, setting forth the manner and form of Klutch Cannabis's compliance with this Court's order;

14. Klutch Sports be awarded any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Klutch Sports hereby demands a trial by jury on all issues so triable.

DATED:  March 16, 2026

**ARENTFOX SCHIFF LLP**

/s/   *James E. von der Heydt*

Eric Fishman (*pro hac vice* forthcoming) (NY Bar No. 4401113)
Lindsay Korotkin (*pro hac vice* forthcoming) (NY Bar No. 5236567)
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Phone: (212) 484-3900
Fax: (212) 484-3990
Email:  Eric.Fishman@afslaw.com
         Lindsay.Korotkin@afslaw.com

Elizabeth H. Denning (*pro hac vice* forthcoming) (D.C. Bar No. 1671165)
1717 K Street NW
Washington, District of Columbia 20006
Phone: (202) 857-6000
Fax: (202) 857-6395
Email:  Elizabeth.Denning@afslaw.com

**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
James E. von der Heydt (OH 0090920)
Angela R. Gott (OH 0082198)
Lauryn T. Robinson (OH 0101046)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Phone: (216) 363-4500
Fax: (216) 363-4588
Email: jvonderheydt@beneschlaw.com
         agott@beneschlaw.com

45

lrobinson@beneschlaw.com

*Attorneys for Plaintiff*
*Klutch Sports Group, LLC*